# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ALICIA HODGE, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:25-cv-02318-SHL-cgc |
| PARAGON BANK, WILSON AND ASSOCIATES, P.L.L.C., SHERIFF FLOYD BONNER, JR., in his official and personal capacity, WELLS FARGO BANK N.A., SELENE FINANCE LP, AND JANE DOE AND JOHN DOE 1–20, | ) |
| Defendants. | ) |

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT WITHOUT PREJUDICE

Before the Court is Magistrate Judge Charmiane G. Claxton's Report and Recommendation ("R&R"), filed August 27, 2025. (ECF No. 28.) In the R&R, the Magistrate Judge recommends that the Court dismiss pro se Plaintiff Alicia Hodge's complaint with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b) and pursuant to the Court's inherent power to control its docket.

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(3).  Hodge's deadline to object to the R&R was September 10, 2025, and no objections were filed.

Here, as the R&R explained, Defendants Wilson and Associates P.L.L.C., Wells Fargo Bank, N.A., Selene Finance LP, Floyd Bonner, Jr., and Paragon Bank each filed motions to dismiss Hodge's complaint.  (See ECF Nos. 12, 16, 18, 22 & 24.)  After Hodge failed to respond to the motions within the twenty-eight days provided under Local Rule 12.1, Magistrate Judge Claxton entered an Order to Show Cause on July 7, 2025, in which she gave Hodge fourteen days to demonstrate "why the Court should not consider the Motion on the record before it and file a Report and Recommendation recommending that the District Court enter an Order granting the Motions."  (ECF No. 26 at PageID 174.)  Magistrate Judge Claxton also warned Hodge that "**FAILURE TO RESPOND TO THIS ORDER WILL RESULT IN A RECOMMENDATION FOR DISMISSAL OF THIS CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**."  (Id. at PageID 174.)  Hodge did not respond to the Order to Show Cause, and Magistrate Judge Claxton entered the R&R recommending dismissal.

The R&R included no clear errors in its analysis of the factors courts generally evaluate in determining whether to dismiss a complaint for failure to prosecute.  (See ECF No. 28 at PageID 181–82.)  Given the foregoing, the case is appropriately subject to dismissal.

Dismissals under Rule 41(b) for failure to prosecute or to comply with the Federal Rules or a court order "operate[] as an adjudication on the merits," "[u]nless the dismissal order states otherwise."  Here, the Court finds it appropriate to dismiss the matter without prejudice.  Therefore, the Court **ADOPTS IN PART** the Magistrate Judge's R&R and **DISMISSES** the

complaint **WITHOUT PREJUDICE**.[1]

    **IT IS SO ORDERED,** this 12th day of September, 2025.

                                          s/ Sheryl H. Lipman
                                          SHERYL H. LIPMAN
                                          CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Because Hodge's complaint is being dismissed, and consistent with the recommendation in the R&R, Defendants' motions to dismiss are **DENIED AS MOOT**.